JANET M. HEROLD
Regional Solicitor
DANIEL J. CHASEK
Associate Regional Solicitor
**NIAMH E. DOHERTY, Trial Attorney** (CSBN #260749)
Office of the Solicitor (SOL#1400021)
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-3990
Facsimile:  (213) 894-2064
doherty.niamh@dol.gov

Attorneys for the Plaintiff

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,**<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>**NEW DISCOVERY RESIDENTIAL SERVICES, INC.** a California corporation doing business as **NEW DISCOVERY RESIDENTIAL SERVICES**; **GEORGE CLARDY,** an individual and managing agent of the corporate defendant**,**<br><br>Defendants. | No.: ED CV 13-02384-RGK (PLAx)<br><br>**(~~PROPOSED~~)**<br>**CONSENT JUDGMENT** |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or "Secretary") and defendants New Discovery Residential Services, Inc., a California corporation doing business as New Discovery Residential Services ("Corporate Defendant"), George Clardy, an individual and managing agent of the Corporate Defendant (hereafter collectively referred to as the "Defendants") (the Secretary

CONSENT JUDGMENT

and Defendants hereafter collectively referred to as the "Parties") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.     The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5).

B.     The Defendants are represented by counsel and acknowledge receipt of a copy of the Secretary's Complaint.

C.     The Defendants waive issuance and service of process.  In lieu of answering the Complaint and asserting any defenses thereto, the Defendants have agreed to the terms of this Consent Judgment.

D.     The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

E.     The Defendants admit that the Court has jurisdiction over the Parties and subject matter of this civil action and that venue lies in the Central District of California.

F.     The Parties agree to the entry of this Consent Judgment in settlement of this action, without contest.

G.     Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors and/or managers at Defendants' residential care facilities) have notice of, and understand, the provisions of this Consent Judgment.

H.     Defendants admit to violating Section 6 and 15(a)(2) of the FLSA during the period of February 8, 2010 through February 7, 2013 ("Subject Period") by paying employees who were engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

CONSENT JUDGMENT                                                    Page 2 of 21

I.      Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the Subject Period by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty (40) hours, and by failing to pay such employees compensation for their employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

J.    Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the Subject Period by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA.

K.      Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendants, their officers, managing agents, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, 29 U.S.C. §§201, *et seq.*, in any of the following manners:

1.      Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable min-

imum rate as may hereafter be established by amendment to the FLSA).

2.      Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for any workweek longer than forty hours, unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.      Defendants shall not fail to make, keep, preserve, and make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and/or amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and  215(a)(5), and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.      Defendants, jointly and severally, shall not withhold payment of $299,045.81, in gross unpaid back wages and overtime pay, plus an additional $1,497.29 in interest, for a total of $300,543.10, hereby found to be due under the FLSA to 17 employees, as a result of their employment by Defendants during the Subject Period, as set forth in the attached Exhibit A, showing the name of each employee and listing on the same line the gross back wage amount due the employee and the period covered by the Consent Judgment.

5.      To accomplish the parties' agreement as specified in Paragraph 4:

a.      On or before August 31, 2013, and continuing on the last day of each month thereafter until July 2014, Defendants shall repay back wages, overtime pay and interest to each person named in Exhibit A.  Defendants shall repay such back wages, overtime pay and interest according to the monthly installment schedule provided in the attached Exhibit B.  Defendants shall deliver separate checks or money orders to each person

CONSENT JUDGMENT                                                   Page 4 of 21

named in the attached Exhibit A, and such checks shall be made payable to the order of the particular person and shall be in amounts listed in the installment amortization schedule provided in the attached Exhibit C. Each repayment amount will be paid to the particular person after the employer has made legal deductions (which deductions shall be submitted by Defendants to the federal and state agencies entitled to them, when due and no later than one year after submitting to the Secretary the last payment due hereunder) from the total gross amounts provided in the last column by his or her name in the attached Exhibits A and C.

   b. On or before the last day of each month, until July 2014, Defendants shall deliver to the Secretary's representative, Wage and Hour Division, United States Department of Labor ("U.S. Wage and Hour Division"), located at 100 N. Barranca Street, Suite 850, West Covina, CA 91791, evidence of payment to each person named in the attached Exhibit A of the amounts set forth in Paragraph 5, subpart (a), and pursuant to the schedule in Exhibit C. Such evidence of payment shall include any and all signed U.S. Wage and Hour Division Receipt for Payment of Back Wages, Employment Benefits, or Other Compensation Form WH-58 receipt forms the Defendants have received at that time.

   c. On or before September 28, 2014, Defendants shall provide U.S. Wage & Hour Division with a listing of all unlocated employees, their last known address, social security number (if possible), and their gross and net amounts due and any and all remaining signed Form WH-58 receipt forms not yet provided to U.S. Wage and Hour Division, or a cancelled check (or some reasonable facsimile) for every person listed on Exhibit A that the Defendants have paid per the terms of this Consent Judgment, and shall deliver to U.S. Wage and Hour Division a cashier's or certified check, payable to "Wage and Hour Division – U.S. Dept. of Labor" to cover the total gross and net amounts due all such employees.

   6. In the event of a default in the timely making of any of the payments specified herein, the entire unpaid balance due under this Consent Judgment, plus post-

judgment interest at the rate of one percent (1%) per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary.  A penalty at the rate of six percent (6%) per year will be assessed on any portion of the debt remaining delinquent for more than 90 days.

**IT IS FURTHER ORDERED** that in the event that any employees cannot be located, or refuse to accept the back wages, the Secretary shall allocate and distribute the remittances received from the employer for such employees, to the persons named in the attached Exhibit A, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the United States Treasury, pursuant to 29 U.S.C. § 216(c).

7.    Defendants shall maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a.    Defendants shall record all hours worked by employees in the payroll records.

b.    Defendants shall maintain all required records of time worked and payroll records for a period of not less than three (3) years.

c.    Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

d.    Defendants shall keep and produce upon demand to the U.S. Wage and Hour Division a copy of time and payroll records demonstrating that all persons employed by Defendants appear on such time and payroll records and that all employees are paid proper minimum wage and overtime due under the FLSA, except for employees who are or may be properly classified as exempt from the FLSA minimum wage and/or overtime requirements.

e.      Defendants shall within five (5) business day of execution of this Consent Judgment distribute to all current employees, Exhibit D, attached hereto, which summarizes the terms of this Judgment and the employees' rights under the FLSA, and post a copy in a prominent location at their establishments.

f.      Defendants shall continue to post at all of its business locations in a location visible to employees (such as break rooms, rest areas or lunchrooms) U.S. Wage and Hour Division's WHD Publication 1088 posters in English, advising employees of their employee rights under the FLSA.

g.      Defendants shall pay employees for all compensable waiting and travel time, if any such waiting and travel time is required by the Defendants.

h.      Defendants shall not direct supervisors, managers or any payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

i.      Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

j.       Defendants shall not require employees to work "off the clock" either before or after their shift.

8.      Defendants, their officers, managing agents, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages from any of the employees listed on the attached Exhibit A or from any friends of relatives of the employees.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment.  Defendants understand and agree that demanding or accepting any of the funds required under this Consent Judgment is specifically prohibited by this Consent Judgment.  Violation of this paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

9.    Defendants, their officers, agents, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A nor as to any employee named on the attached Exhibit A for any period not specified therein;

**IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: January 10, 2014

U.S. DISTRICT COURT JUDGE

[Signatures continue on next page]

CONSENT JUDGMENT

Each Defendant listed below hereby appears, waives any defenses herein, consents to the entry of this Judgment, and waives notice by Clerk of the Court.

For:  **NEW DISCOVERY RESIDENTIAL SERVICES, INC.,**
      A California corporation d/b/a
      **NEW DISCOVERY RESIDENTIAL SERVICES**


By:  _____          _____
     George Clardy                        Date
Its: CEO


_____               _____
**GEORGE CLARDY**                         Date


Attorney for Defendants:


_____               _____
Geoffrey H. Hopper                        Date


For the Plaintiff
M. PATRICA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

[Signatures continue on next page]

CONSENT JUDGMENT                                    Page 9 of 21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____          _____

NIAMH E. DOHERTY, Trial Attorney          Date

Attorney for the Plaintiff

Secretary of Labor

U.S. Department of Labor

CONSENT JUDGMENT                                         Page 10 of 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

| First Name | Last Name | Violation Begin Date | Violation End Date | Total Due |
|---|---|---|---|---|
| Candice | Alva | 09/13/2012 | 02/07/2013 | $5,769.04 |
| Michelle | Babcock | 08/27/2012 | 12/24/2012 | $4,662.37 |
| Elisa | Carr | 01/06/2011 | 02/07/2013 | $29,743.06 |
| Sharan | Duplessis | 02/08/2011 | 06/22/2012 | $19,719.46 |
| Maria | Flores | 01/06/2011 | 02/07/2013 | $31,247.44 |
| Vivian | Francisco | 01/13/2011 | 02/07/2013 | $20,705.17 |
| Keisha | Hardy | 01/06/2011 | 02/07/2013 | $30,913.33 |
| Dejeana | Henderson | 01/06/2011 | 04/05/2012 | $17,413.44 |
| Cynthia | Hill | 01/13/2011 | 11/29/2012 | $29,436.80 |
| Keisha | Lively | 01/06/2011 | 02/03/2011 | $1,348.35 |
| Francisca | Mathy | 01/06/2011 | 02/07/2013 | $29,984.23 |
| Mary | Murphy | 01/06/2011 | 02/07/2013 | $31,016.48 |
| Yolanda | Payne | 01/01/2013 | 02/07/2013 | $1,573.81 |
| Cynthia | Rodriguez | 09/22/2011 | 04/11/2012 | $8,907.08 |
| Emmylou | Valenzuela | 4/12/2012 | 02/07/2013 | $12,079.22 |
| Njeri | Waldron | 06/15/2012 | 02/07/2013 | $8,649.12 |
| Monica | Wilson | 03/24/2011 | 03/08/2012 | $17,374.70 |

Total:     $300,543.10

CONSENT JUDGMENT

# **EXHIBIT B**

Installment Schedule

| Payment Number | Date Due | Amount Due (Principal) | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 8/31/2013 | $27,072.90 | $249.20 | $27,322.10 |
| 2 | 9/30/2013 | $27,095.46 | $226.64 | $27,322.10 |
| 3 | 10/31/2013 | $27,118.04 | $204.06 | $27,322.10 |
| 4 | 11/30/2013 | $27,140.63 | $181.47 | $27,322.10 |
| 5 | 12/31/2013 | $27,163.25 | $158.85 | $27,322.10 |
| 6 | 1/31/2014 | $27,185.89 | $136.21 | $27,322.10 |
| 7 | 2/28/2014 | $27,208.54 | $113.56 | $27,322.10 |
| 8 | 3/31/2014 | $27,231.22 | $90.88 | $27,322.10 |
| 9 | 4/30/2014 | $27,253.91 | $68.19 | $27,322.10 |
| 10 | 5/31/2014 | $27,276.62 | $45.48 | $27,322.10 |
| 11 | 6/30/2014 | $27,299.35 | $22.75 | $27,322.10 |
| **TOTALS:** | | **$299,045.81** | **$1,497.29** | **$300,543.10** |

# **EXHIBIT C**

**Payment No. 1**

**Date Due:** 08/31/2013

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $519.68 | $4.78 | $524.46 |
| Michelle | Babcock | $419.98 | $3.87 | $423.85 |
| Elisa | Carr | $2,679.25 | $24.87 | $2,703.91 |
| Sharan | Duplessis | $1,776.33 | $16.35 | $1,792.68 |
| Maria | Flores | $2,814.77 | $25.91 | $2,840.68 |
| Vivian | Francisco | $1,865.12 | $17.17 | $1,882.29 |
| Keisha | Hardy | $2,784.67 | $25.63 | $2,810.30 |
| Dejeana | Henderson | $1,568.60 | $14.44 | $1,583.04 |
| Cynthia | Hill | $2,651.66 | $24.41 | $2,676.07 |
| Keisha | Lively | $121.46 | $1.12 | $122.58 |
| Francisca | Mathy | $2,700.98 | $24.86 | $2,725.84 |
| Mary | Murphy | $2,793.96 | $25.72 | $2,819.68 |
| Yolanda | Payne | $141.77 | $1.30 | $143.07 |
| Cynthia | Rodriguez | $802.35 | $7.39 | $809.74 |
| Emmylou | Valenzuela | $1,088.10 | $10.02 | $1,098.12 |
| Njeri | Waldron | $779.11 | $7.17 | $786.28 |
| Monica | Wilson | $1,565.11 | $14.40 | $1,579.51 |

**Payment No. 2**

**Date Due:** 09/30/2013

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $520.11 | $4.35 | $524.46 |
| Michelle | Babcock | $420.33 | $3.52 | $423.85 |
| Elisa | Carr | $2,681.49 | $22.43 | $2,703.92 |
| Sharan | Duplessis | $1,777.81 | $14.87 | $1,792.68 |

CONSENT JUDGMENT

| Maria | Flores | $2,817.11 | $23.56 | $2,840.67 |
|---|---|---|---|---|
| Vivian | Francisco | $1,866.68 | $15.61 | $1,882.29 |
| Keisha | Hardy | $2,786.99 | $23.31 | $2,810.30 |
| Dejeana | Henderson | $1,569.91 | $13.13 | $1,583.04 |
| Cynthia | Hill | $2,653.87 | $22.20 | $2,676.07 |
| Keisha | Lively | $121.56 | $1.02 | $122.58 |
| Francisca | Mathy | $2,703.23 | $22.61 | $2,725.84 |
| Mary | Murphy | $2,796.29 | $23.39 | $2,819.68 |
| Yolanda | Payne | $141.89 | $1.19 | $143.08 |
| Cynthia | Rodriguez | $803.02 | $6.72 | $809.74 |
| Emmylou | Valenzuela | $1,089.00 | $9.11 | $1,098.11 |
| Njeri | Waldron | $779.76 | $6.52 | $786.28 |
| Monica | Wilson | $1,566.41 | $13.10 | $1,579.51 |

**Payment No. 3**

**Date Due:**  10/31/2013

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $520.54 | $3.92 | $524.46 |
| Michelle | Babcock | $420.69 | $3.17 | $423.86 |
| Elisa | Carr | $2,683.72 | $20.19 | $2,703.91 |
| Sharan | Duplessis | $1,779.29 | $13.39 | $1,792.68 |
| Maria | Flores | $2,819.46 | $21.22 | $2,840.68 |
| Vivian | Francisco | $1,868.23 | $14.06 | $1,882.29 |
| Keisha | Hardy | $2,789.31 | $20.99 | $2,810.30 |
| Dejeana | Henderson | $1,571.22 | $11.82 | $1,583.04 |
| Cynthia | Hill | $2,656.09 | $19.99 | $2,676.08 |
| Keisha | Lively | $121.66 | $0.92 | $122.58 |
| Francisca | Mathy | $2,705.48 | $20.36 | $2,725.84 |
| Mary | Murphy | $2,798.62 | $21.06 | $2,819.68 |
| Yolanda | Payne | $142.01 | $1.07 | $143.08 |
| Cynthia | Rodriguez | $803.69 | $6.05 | $809.74 |
| Emmylou | Valenzuela | $1,089.91 | $8.20 | $1,098.11 |

CONSENT JUDGMENT

| Njeri | Waldron | $780.41 | $5.87 | $786.28 |
| Monica | Wilson | $1,567.71 | $11.78 | $1,579.49 |

**Payment No. 4**

**Date Due:** 11/30/2013

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $520.98 | $3.48 | $524.46 |
| Michelle | Babcock | $421.04 | $2.82 | $423.86 |
| Elisa | Carr | $2,685.96 | $17.96 | $2,703.92 |
| Sharan | Duplessis | $1,780.77 | $11.91 | $1,792.68 |
| Maria | Flores | $2,821.81 | $18.87 | $2,840.68 |
| Vivian | Francisco | $1,869.79 | $12.50 | $1,882.29 |
| Keisha | Hardy | $2,791.64 | $18.67 | $2,810.31 |
| Dejeana | Henderson | $1,572.53 | $10.51 | $1,583.04 |
| Cynthia | Hill | $2,658.30 | $17.77 | $2,676.07 |
| Keisha | Lively | $121.76 | $0.81 | $122.57 |
| Francisca | Mathy | $2,707.73 | $18.10 | $2,725.83 |
| Mary | Murphy | $2,800.95 | $18.73 | $2,819.68 |
| Yolanda | Payne | $142.12 | $0.95 | $143.07 |
| Cynthia | Rodriguez | $804.35 | $5.38 | $809.73 |
| Emmylou | Valenzuela | $1,090.82 | $7.29 | $1,098.11 |
| Njeri | Waldron | $781.06 | $5.22 | $786.28 |
| Monica | Wilson | $1,569.02 | $10.50 | $1,579.52 |

**Payment No. 5**

**Date Due:** 12/31/2013

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $521.41 | $3.05 | $524.46 |
| Michelle | Babcock | $421.39 | $2.46 | $423.85 |
| Elisa | Carr | $2,688.19 | $15.72 | $2,703.91 |
| Sharan | Duplessis | $1,782.26 | $10.42 | $1,792.68 |

CONSENT JUDGMENT

| Maria | Flores | $2,824.16 | $16.52 | $2,840.68 |
|---|---|---|---|---|
| Vivian | Francisco | $1,871.35 | $10.94 | $1,882.29 |
| Keisha | Hardy | $2,793.96 | $16.34 | $2,810.30 |
| Dejeana | Henderson | $1,573.84 | $9.20 | $1,583.04 |
| Cynthia | Hill | $2,660.51 | $15.56 | $2,676.07 |
| Keisha | Lively | $121.86 | $0.71 | $122.57 |
| Francisca | Mathy | $2,709.99 | $15.85 | $2,725.84 |
| Mary | Murphy | $2,803.29 | $16.39 | $2,819.68 |
| Yolanda | Payne | $142.24 | $0.83 | $143.07 |
| Cynthia | Rodriguez | $805.03 | $4.71 | $809.74 |
| Emmylou | Valenzuela | $1,091.73 | $6.38 | $1,098.11 |
| Njeri | Waldron | $781.71 | $4.57 | $786.28 |
| Monica | Wilson | $1,570.33 | $9.20 | $1,579.53 |

**Payment No. 6**

**Date Due:** 01/31/2014

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $521.84 | $2.61 | $524.45 |
| Michelle | Babcock | $421.74 | $2.11 | $423.85 |
| Elisa | Carr | $2,690.44 | $13.48 | $2,703.92 |
| Sharan | Duplessis | $1,783.74 | $8.94 | $1,792.68 |
| Maria | Flores | $2,826.51 | $14.16 | $2,840.67 |
| Vivian | Francisco | $1,872.91 | $9.38 | $1,882.29 |
| Keisha | Hardy | $2,796.29 | $14.01 | $2,810.30 |
| Dejeana | Henderson | $1,575.15 | $7.89 | $1,583.04 |
| Cynthia | Hill | $2,662.73 | $13.34 | $2,676.07 |
| Keisha | Lively | $121.97 | $0.61 | $122.58 |
| Francisca | Mathy | $2,712.25 | $13.59 | $2,725.84 |
| Mary | Murphy | $2,805.62 | $14.06 | $2,819.68 |
| Yolanda | Payne | $142.36 | $0.71 | $143.07 |
| Cynthia | Rodriguez | $805.70 | $4.04 | $809.74 |
| Emmylou | Valenzuela | $1,092.64 | $5.47 | $1,098.11 |

CONSENT JUDGMENT

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Njeri | Waldron | $782.36 | $3.92 | $786.28 |
| Monica | Wilson | $1,571.64 | $7.89 | $1,579.53 |

**Payment No. 7**

**Date Due:** 02/28/2014

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $522.28 | $2.18 | $524.46 |
| Michelle | Babcock | $422.09 | $1.76 | $423.85 |
| Elisa | Carr | $2,692.68 | $11.24 | $2,703.92 |
| Sharan | Duplessis | $1,785.23 | $7.45 | $1,792.68 |
| Maria | Flores | $2,828.87 | $11.81 | $2,840.68 |
| Vivian | Francisco | $1,874.47 | $7.82 | $1,882.29 |
| Keisha | Hardy | $2,798.62 | $11.68 | $2,810.30 |
| Dejeana | Henderson | $1,576.46 | $6.58 | $1,583.04 |
| Cynthia | Hill | $2,664.95 | $11.12 | $2,676.07 |
| Keisha | Lively | $122.07 | $0.51 | $122.58 |
| Francisca | Mathy | $2,714.51 | $11.33 | $2,725.84 |
| Mary | Murphy | $2,807.96 | $11.72 | $2,819.68 |
| Yolanda | Payne | $142.48 | $0.59 | $143.07 |
| Cynthia | Rodriguez | $806.37 | $3.37 | $809.74 |
| Emmylou | Valenzuela | $1,093.55 | $4.56 | $1,098.11 |
| Njeri | Waldron | $783.02 | $3.27 | $786.29 |
| Monica | Wilson | $1,572.93 | $6.57 | $1,579.50 |

**Payment No. 8**

**Date Due:** 03/31/2014

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $522.71 | $1.74 | $524.45 |

CONSENT JUDGMENT

| Michelle | Babcock | $422.44 | $1.41 | $423.85 |
| Elisa | Carr | $2,694.92 | $8.99 | $2,703.91 |
| Sharan | Duplessis | $1,786.72 | $5.96 | $1,792.68 |
| Maria | Flores | $2,831.23 | $9.45 | $2,840.68 |
| Vivian | Francisco | $1,876.03 | $6.26 | $1,882.29 |
| Keisha | Hardy | $2,800.95 | $9.35 | $2,810.30 |
| Dejeana | Henderson | $1,577.77 | $5.27 | $1,583.04 |
| Cynthia | Hill | $2,667.17 | $8.90 | $2,676.07 |
| Keisha | Lively | $122.17 | $0.41 | $122.58 |
| Francisca | Mathy | $2,716.77 | $9.07 | $2,725.84 |
| Mary | Murphy | $2,810.30 | $9.38 | $2,819.68 |
| Yolanda | Payne | $142.60 | $0.48 | $143.08 |
| Cynthia | Rodriguez | $807.04 | $2.69 | $809.73 |
| Emmylou | Valenzuela | $1,094.46 | $3.65 | $1,098.11 |
| Njeri | Waldron | $783.67 | $2.62 | $786.29 |
| Monica | Wilson | $1,574.27 | $5.25 | $1,579.52 |

**Payment No. 9**

**Date Due:** 04/30/2014

| First Name | Last Name | Principal | Interest | Total Payment |
| --- | --- | --- | --- | --- |
| Candice | Alva | $523.15 | $1.31 | $524.46 |
| Michelle | Babcock | $422.79 | $1.06 | $423.85 |
| Elisa | Carr | $2,697.17 | $6.75 | $2,703.92 |
| Sharan | Duplessis | $1,788.21 | $4.47 | $1,792.68 |
| Maria | Flores | $2,833.59 | $7.09 | $2,840.68 |
| Vivian | Francisco | $1,877.59 | $4.70 | $1,882.29 |
| Keisha | Hardy | $2,803.29 | $7.01 | $2,810.30 |
| Dejeana | Henderson | $1,579.09 | $3.95 | $1,583.04 |
| Cynthia | Hill | $2,669.39 | $6.68 | $2,676.07 |
| Keisha | Lively | $122.27 | $0.31 | $122.58 |
| Francisca | Mathy | $2,719.04 | $6.80 | $2,725.84 |
| Mary | Murphy | $2,812.64 | $7.04 | $2,819.68 |

CONSENT JUDGMENT

| Yolanda | Payne | $142.72 | $0.36 | $143.08 |
| Cynthia | Rodriguez | $807.71 | $2.02 | $809.73 |
| Emmylou | Valenzuela | $1,095.37 | $2.74 | $1,098.11 |
| Njeri | Waldron | $784.32 | $1.96 | $786.28 |
| Monica | Wilson | $1,575.57 | $3.94 | $1,579.51 |

**Payment No. 10**

**Date Due:** 5/31/2014

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $523.59 | $0.87 | $524.46 |
| Michelle | Babcock | $423.15 | $0.71 | $423.86 |
| Elisa | Carr | $2,699.41 | $4.50 | $2,703.91 |
| Sharan | Duplessis | $1,789.70 | $2.98 | $1,792.68 |
| Maria | Flores | $2,835.95 | $4.73 | $2,840.68 |
| Vivian | Francisco | $1,879.16 | $3.13 | $1,882.29 |
| Keisha | Hardy | $2,805.62 | $4.68 | $2,810.30 |
| Dejeana | Henderson | $1,580.41 | $2.64 | $1,583.05 |
| Cynthia | Hill | $2,671.62 | $4.45 | $2,676.07 |
| Keisha | Lively | $122.37 | $0.20 | $122.57 |
| Francisca | Mathy | $2,721.30 | $4.54 | $2,725.84 |
| Mary | Murphy | $2,814.99 | $4.69 | $2,819.68 |
| Yolanda | Payne | $142.84 | $0.24 | $143.08 |
| Cynthia | Rodriguez | $808.39 | $1.35 | $809.74 |
| Emmylou | Valenzuela | $1,096.28 | $1.83 | $1,098.11 |
| Njeri | Waldron | $784.98 | $1.31 | $786.29 |
| Monica | Wilson | $1,576.86 | $2.63 | $1,579.49 |

**Payment No. 11**

**Date Due:** 06/30/2014

CONSENT JUDGMENT

| First Name | Last Name | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Candice | Alva | $524.02 | $0.44 | $524.46 |
| Michelle | Babcock | $423.49 | $0.35 | $423.84 |
| Elisa | Carr | $2,701.66 | $2.25 | $2,703.91 |
| Sharan | Duplessis | $1,791.17 | $1.49 | $1,792.68 |
| Maria | Flores | $2,838.29 | $2.37 | $2,840.66 |
| Vivian | Francisco | $1,880.70 | $1.57 | $1,882.27 |
| Keisha | Hardy | $2,807.98 | $2.34 | $2,810.32 |
| Dejeana | Henderson | $1,581.71 | $1.32 | $1,583.03 |
| Cynthia | Hill | $2,673.86 | $2.23 | $2,676.09 |
| Keisha | Lively | $122.48 | $0.10 | $122.58 |
| Francisca | Mathy | $2,723.57 | $2.27 | $2,725.84 |
| Mary | Murphy | $2,817.33 | $2.35 | $2,819.68 |
| Yolanda | Payne | $142.94 | $0.12 | $143.06 |
| Cynthia | Rodriguez | $809.04 | $0.67 | $809.71 |
| Emmylou | Valenzuela | $1,097.20 | $0.91 | $1,098.11 |
| Njeri | Waldron | $785.64 | $0.65 | $786.29 |
| Monica | Wilson | $1,578.27 | $1.32 | $1,579.59 |

TOTAL:     $299,045.81     $1,497.29     $300,543.10

CONSENT JUDGMENT

# EXHIBIT D

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** ("FLSA") requires that all employees must be paid **minimum wage** for all hours worked.  Employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  Employees are entitled to overtime when they work over 40 hours.

The United States Department of Labor conducted an investigation of **NEW DISCOVERY RESIDENTIAL SERVICES** ("New Discovery") and has determined that some persons who work here were not paid the federal minimum wage, and/or overtime wages for hours they worked over 40 hours in a workweek.  Some New Discovery employees had fluctuating schedules and were designated "alternative workweek employees" and paid a salary which did not comply with federal wage laws.

The Department of Labor has reached a settlement with New Discovery.  As part of this settlement, New Discovery has agreed to pay unpaid back wages owed to some employees.  New Discovery will distribute these checks to the employees who are owed money.  **If you receive a check, please note that nobody from the company can ask you for this money back, and no employee must return this money back.**

Your employer wants you to know that it is committed to ensuring that all employees are paid minimum wage and overtime when it is due and is committed to fully complying with all laws enforced by the Department of Labor.  If you are not paid minimum wage or overtime, or if anybody associated with this employer tells you to return your wages, please call the **U.S. Department of Labor at (602) 514-7100,** or **(866) 4-USWAGE, (866) 487-9243**.  You may also contact the Department of Labor if you have any questions about your employment rights, such as your rights to minimum wage and overtime wages.  Your name will be kept confidential.

CONSENT JUDGMENT